■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EARL SMITH, Appellant.— Appeal from a judgment of the County Court of Sullivan County, rendered November 11, 1971, convicting defendant on his plea of guilty of the crimes of criminal sale of a dangerous drug in the fourth degree. As conceded by the People, the record shows that the trial court did not grant defendant an opportunity to be heard before sentencing (CPL 380.50). On a subsequent resentencing defendant was not present, and, consequently, has not been afforded his right of allocution. He is entitled to be remanded for resentence on his guilty plea. (*People* v. *Barnett*, 37 A D 2d 1027; *People* v. *Moore*, 36 A D 2d 866.) Judgment of conviction affirmed, but the sentence is reversed, on the law, and matter remitted to the trial court for resentence in compliance with CPL 380.50. Herlihy, P. J., Greenblott, Sweeney, Kane and Reynolds, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. BENVANDO FIGUEORA, Appellant.— Appeal from a judgment of the County Court of Sullivan County, rendered July 31, 1972 upon a verdict convicting defendant of two counts of criminally selling a dangerous drug in the third degree in violation of section 220.35 of the Penal Law. Testimony was adduced at the trial that the defendant had sold heroin to a police officer at two different times on September 28, 1971. Among other things, the defendant contends that the bail provisions of CPL article 500 are unconstitutional and that the trial court erred in permitting an in-court identification of him since there was evidence that the person making the identification had seen him in two suggestive appearances some months after the crime had occurred. The constitutionality of CPL article 500 has been upheld by the Court of Appeals in the case of *Bellamy* v. *Judges & Justices in N. Y. City Crim. Ct.* (32 N Y 2d 886). The defendant does not contend that the trial court abused its discretion in arriving at the amount of bail and the record does not disclose any facts and circumstances which would support a finding of discrimination as to this defendant. The record discloses that the police officer who purchased the drugs from the defendant had ample opportunity to observe him in face-to-face confrontations at the time of the sales and that the in-court identification was not affected by the inadvertent observations of the defendant by that witness at times after his arrest. The remaining issues pressed by the defendant are without merit. Judgment affirmed. Herlihy, P. J., Staley, Jr., Cooke, Sweeney and Main, JJ., concur.