■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SONNIE PYLES, Also Known as WALTER PYLES, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHARLES PYLES, Also Known as TIMBUK PYLES, Appellant.— Judgments entered in the Supreme Court, New York County, on April 12, 1972 convicting defendants, upon a jury verdict, of two counts of robbery, second degree, and two counts of grand larceny, third degree, unanimously modified on the law to the extent of reversing the convictions on the grand larceny counts and dismissing those counts of the indictments and, as so modified, the judgments are affirmed. Defendants were indicted, tried and convicted on the above-mentioned felony counts. The court imposed on each defendant concurrent terms of 5 to 15 years on the robbery conviction and 0 to 4 years on the grand larceny conviction. CPL .300.40 (subd. 3, par. [b]) provides, in substance, that a verdict of guilty on the greater of two or more inclusory concurrent counts of an indictment is deemed a dismissal of every lesser count submitted. An "inclusory concurrent count" situation exists "when the offense charged in one [count] is greater than any of those charged in the others and when the latter are all lesser offenses included within the greater." (CPL 300.30, subd. 4.) Under the facts of this case, appellants could not have committed robbery, second degree, without having also committed grand larceny, third degree. (See *People* v. *Hayes,* 43 A D 2d 99.) Consequently, the verdict of guilty on the robbery counts required a dismissal of the lesser grand larceny counts. The People concede that a modification is required. The reversal and dismissal of the grand larceny count do not however affect the validity of the robbery convictions. (See *People* v. *Mulligan,* 29 N Y 2d 20, 24; *People* v. *Chestnut,* 26 N Y 2d 481, 491–492; *People* v. *Gold,* 268 App. Div. 817.) We have examined the other points urged by the appellants and find them without merit. Concur — McGivern, P. J., Markewich, Nunez and Tilzer, JJ.