■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HENRY LINDENAUER, Appellant. Motion to dismiss appeal denied, cross motion granted, and appeal from judgment of the Supreme Court, New York County, rendered January 26, 1973, convicting appellant of bribery and imposing sentence, dismissed due to the death of appellant, and the case remanded to the Supreme Court, New York County, for the purpose of vacating the judgment of conviction and dismissal of the indictment. (*People* v. *Mintz*, 20 N Y 2d 753; *People* v. *Stokes*, 45 A D 2d 706.) The order of this court entered on October 24, 1974, is vacated. Concur — Markewich, J. P., Nunez, Murphy and Tilzer, JJ. [45 A D 2d 638.]

■

## (October 31, 1974)

■ HELEN M. WEHRINGER, Respondent, v. ALLEN-STEVENSON SCHOOL et al., Appellants.— Order, Supreme Court, New York County, entered on July 5, 1974, denying the motion to dismiss the complaint unanimously reversed, on the law, and defendants' motion is granted. Appellants shall recover of respondent $60 costs and disbursements of this appeal. The material alleged to be defamatory is not libelous per se (see *Tracy* v. *Newsday, Inc.*, 5 N Y 2d 134; *Berkson* v. *Time, Inc.*, 8 A D 2d 352, affd. 7 N Y 2d 1007), and in the absence of special damages, the complaint cannot withstand defendants' motion to dismiss pursuant to CPLR 3211 (subd. [a], par. 7) for failure to state a cause of action. See *O'Connell* v. *Press Pub. Co.*, 214 N. Y. 352, 358; *Dauer & Fittipaldi, Inc.* v. *Twenty First Century Communications*, 43 A D 2d 178, 179). Concur — McGivern, P. J., Markewich, Nunez, Lupiano and Yesawich, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHARLES Cox, True Name RICHARD CUNNINGHAM, Appellant.—Judgment, Supreme Court, New York County, rendered on April 6, 1973, convicting defendant upon his plea of guilty of robbery in the second degree and two counts of grand larceny in the third degree and sentencing him to concurrent terms of seven years on the robbery count and four years on each of the grand larceny counts, unanimously modified, on the law and in the interests of justice, so as to reverse the grand larceny convictions and dismiss those counts of the indictment and, as so modified, the judgment is affirmed. CPL 300.40 (subd. 3, par. [b]) provides in substance that a *verdict* of guilty on the greater of two or more inclusory concurrent counts of an indictment is deemed a dismissal of every lesser count submitted. In the case at bar defendant pled guilty to all counts in the indictment. CPL 220.10 (subd. 2) permits a defendant to plead guilty to the "entire indictment." Herein the grand larceny counts are inclusory concurrent counts of the robbery. While it is true that CPL article 300 pertains to jury trials, and while it is also true that under CPL 220.10, (subd. 2) a defendant may, as a mater of right (as he did in this case), plead guilty to the entire indictment except as provided in subdivision 3 not here pertinent, we deem that the policy considerations underlying the provisions of CPL 300.40 (subd. 3, par. [b]) should equally apply to convictions based upon guilty pleas so that defendants who plead guilty should not be subject to more severe sentences than those convicted of the same crimes after trial. Concur — McGivern, P. J., Nunez, Kupferman, Murphy and Lupiano, JJ.