Julius A. Hellenbrand, J.
Defendant moves pro se pursuant to CPL 440.20 (subd. 1) to vacate the judgment of conviction on the ground that the lesser included counts (criminal possession of a controlled substance in the third and seventh degrees) were deemed dismissed as a result of the plea (CPL 220.20, subd. 1, par. [h]; CPL 300.30, subd. 4 and CPL 300.40, subd. 3, par. [b]).
Defendant was indicted in a multiple count indictment charged with one count of the criminal sale of a controlled substance in the third degree (heroin), in violation of subdivision 1 of section 220.39 of the Penal Law, a class A-III felony; a second count of criminal possession of a controlled substance in the third degree (heroin), in violation of subdivision 1 of section 220.16 of the Penal Law, a class A-III felony and a third count of criminal possession of a controlled substance in the seventh degree (heroin), in violation of section 220.03 of the Penal Law, a class A misdemeanor.
On May 23, 1974, defendant was permitted to withdraw his former plea of not guilty and entered one of guilty to the entire indictment (CPL 220.10, subd. 2). On June 28, 1974, defendant was sentenced on each of the A-III felony counts to three years to life, and on the misdemeanor count to one year in the New York State penitentiary; sentences to run concurrently.
The People contend that the defendant’s motion would be appropriate after a trial and not where a plea of guilty to the entire indictment has been entered.
Both sides rely on People v Pyles (44 AD2d 784) as authority for their respective contentions.
In People v Pyles, defendants were convicted after a jury trial of two counts of robbery in the second degree and two counts of grand larceny in the third degree. Upon appeal, the court held that a verdict of guilty on the robbery counts *904 required a dismissal of the lesser included offenses of grand larceny pursuant to CPL 300.40 (subd. 3, par. [b]). The court further held that reversal and dismissal of the grand larceny counts did not affect the validity of the robbery convictions.
"Lesser included offense” is defined by CPL 1.20 (subd. 37) of the statute which provides: "When it is impossible to commit a particular crime without concomitantly committing, by the same conduct, another offense of lesser grade or degree, the latter is, with respect to the former, a 'lesser included offense.’ ”
CPL 300.40 (subd. 3, par. [b]) provides in substance that a verdict of guilty on the greater of two or more inclusory concurrent counts of an indictment is deemed a dismissal of every lesser count submitted, but not an acquittal thereon.
The crimes of criminal possession of controlled substances in the third degree and seventh degree are lesser included offenses within the same indictment that includes a count of the criminal sale of a controlled substance in the third degree.
This is expressly provided for in CPL 220.20 (subd. 1, par. [h], as amd. L. 1973, ch. 1051, §17, eff. Sept. 1, 1973), the pertinent part reads as follows: "where the crime charged is criminal sale of a controlled substance, the crimes of criminal possession of a controlled substance in the seventh degree as defined in section 220.03 of the penal law * * * [is] deemed to constitute lesser included offenses; and if the controlled substance sold is alleged to be a narcotic drug * * * the crime of criminal possession of such controlled substance with intent to sell it as defined in section 220.16 of the penal law is also deemed to constitute a lesser included offense.”
The holding in People v Pyles (44 AD2d 784, supra) is applicable not only after a conviction by trial, but also where the defendant has entered a plea of guilty. In People v Cox (46 AD2d 641) the court stated: "CPL 300.40 (subd. 3, par. [b]) provides in substance that a verdict of guilty on the greater of two or more inclusory concurrent counts of an indictment is deemed a dismissal of every lesser count submitted. In the case at bar defendant pled guilty to all counts in the indictment. CPL 220.10 (subd. 2) permits a defendant to plead guilty to . the 'entire indictment.’ Herein the grand larceny counts are inclusory concurrent counts of the robbery. While it is true that CPL article 300 pertains to jury trials, and while it is also true that under CPL 220.10 (subd. 2) a defendant may, as a matter of right (as he did in this case), plead guilty to the *905 entire indictment except as provided in subdivision 3 [repealed by L. 1974, ch. 367, § 9, eff. Sept. 1, 1974, which by § 10 added a new subd. 6 which in turn amd. L. 1973, ch. 276, § 23; ch. 277, § 12 and ch. 1051, § 16] not here pertinent, we deem that the policy considerations underlying the provisions of CPL 300.40 (subd. 3, par. [b]) should equally apply to convictions based upon guilty pleas so that defendants who plead guilty should not be subject to more severe sentences than those convicted of the same crimes after trial.”
The minutes of the plea of guilty disclose that when questioned by the court as to the underlying facts of the guilty plea, the defendant stated in open court that he had made a sale of 14 glassine envelopes containing heroin to the police undercover agent.
The court, therefore, concludes that the second and third counts are lesser included counts in this indictment and under the doctrine of People v Cox (supra) and CPL 300.40 (subd. 3, par. [b]), the second and third counts are deemed dismissed.
In the instant case, a dismissal of the second and third counts does not affect the validity of the criminal sale of a controlled substance conviction (People v Pyles, 44 AD2d 784, supra) and does not violate the requirements mandated by CPL 220.10 (subd. 6, par. [a]) which provides in substance that where an indictment charges the commission or attempted commission of one of the drug or controlled substance class A felonies defined in article 220 of the Penal Law, a plea of guilty must be or must include at least a plea of guilty of a class A felony.
Accordingly, defendant’s motion is granted to the extent that the judgment of conviction is vacated as to the second and third counts contained in the indictment charging criminal possession of a controlled substance in the third and seventh degrees and the said second and third counts are dismissed.
The motion with respect to the first count in the indictment is denied without a hearing.