■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT RANDOLPH, Appellant.—Judgment, Supreme Court, New York County, rendered January 25, 1973, convicting the defendant of the crimes of robbery in the first degree, robbery in the second degree, grand larceny in the second degree, grand larceny in the third degree, and possession of a weapon as a felony, unanimously modified, on the law, to the extent of reversing the convictions of the counts of robbery in the second degree, grand larceny in the second degree, grand larceny in the third degree, and possession of a weapon as a felony and dismissing those counts of the indictment. The counts dismissed are lesser-included counts of the greater offense of robbery in the first degree. The verdict of guilty upon the greater offense is therefore deemed a dismissal of every inclusory concurrent count *(People v Pyles,* 44 AD2d 784; CPL 300.40, subd 3, par [b]). In the case at bar, defendant pleaded

guilty to the entire indictment. He is, nonetheless, entitled to a dismissal of the lesser-included concurrent counts of that indictment *(People v Cox,* 46 AD2d 641). This dismissal is applicable as well to the count charging possession of a weapon (cf. *People v Colon,* 46 AD2d 624). As to the weapons count, we note (and the parties concede) that in any event the indictment charged the defendant with possession of a weapon as a misdemeanor and the court erroneously imposed a felony sentence. Had we not dismissed this count, we would have reduced the seven-year sentence imposed to a concurrent one-year term of imprisonment. One final observation is in order. The determination of the instant appeal affords the codefendant of Robert Randolph, Marion Wannamaker, the opportunity to make application for modification of sentence in accordance with this decision (CPL 440.20, subds 1, 2). Concur—Stevens, P. J., Murphy, Lupiano, Lane and Nunez, JJ.