(May 1, 1975)

■   In the Matter of HENRY CABAN, Petitioner, v ALEXANDER CHANANAU et al., Respondents.—Application pursuant to CPLR article 78 in the nature of prohibition unanimously denied, the cross motion granted, and the petition dismissed, without costs and without disbursements. No opinion. Concur—Stevens, P. J., Markewich, Capozzoli, Lane and Nunez, JJ.

■   YORK HOTEL SUPPLY CO., INC., Appellant, v J. W. A. B. CONSTRUCTION CORP., Defendant, and CITY OF NEW YORK, Respondent.—Judgment, Supreme Court, Bronx County, entered December 24, 1974, unanimously modified, on the law, to deny summary judgment in favor of the defaulting defendant, J. W. A. B. Construction Corp., to sever as to that defendant, and an inquest directed against it, and otherwise affirmed. Defendant-respondent shall recover of appellant $60 costs and disbursements of this appeal. While summary judgment was justified on the defendant-respondent city's motion, it should not have been granted in favor of the defaulting defendant, but rather an inquest granted against it as the court was initially inclined to do. Concur—Stevens, P. J., Markewich, Kupferman, Lupiano and Nunez, JJ.

■   THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN WATKINS, Appellant.—Judgment, Supreme Court, New York County, rendered on May 10, 1973, convicting defendant, after a jury trial, of two counts of robbery in the second degree, assault in the second degree and grand larceny in the third degree, unanimously modified, on the law, to the extent of reversing the convictions for grand larceny in the third degree and assault in the second degree and dismissing those counts of the indictment, and otherwise affirmed. (People v Pyles, 44 AD2d 784.) The People concede that the judgment should be so modified. We find no merit to defendant's claim that his sentence was excessive. Concur—Murphy, J. P., Tilzer, Capozzoli, Lane and Nunez, JJ.

■   ISAAC K. SACHS, Respondent, v GUN HILL JEWISH CENTER, INCORPORATED, Appellant.—Order, Supreme Court, Bronx County, entered on April 19, 1974, to the extent appealed from, unanimously reversed, on the law, without costs and without disbursements, the motion for summary judgment granted and the complaint dismissed. At best, plaintiff's claim is predicated on an oral employment agreement to endure as long as plaintiff lived or defendant existed. Special Term's inference that the possibility of defendant's dissolution within a year precludes application of the Statute of Frauds is not the law of this State. (Cohen v Bartgis Bros. Co., 264 App Div 260, affd 289 NY 846.) Concur—Murphy, J. P., Tilzer, Capozzoli, Lane and Nunez, JJ.