■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY KITT, Appellant.—Judgment entered in the Supreme Court, New York County, on June 1, 1973 convicting defendant, upon his plea of guilty, of attempted murder, two counts of robbery in the first degree, two counts of robbery in the second degree, two counts of assault in the first degree, assault in the second degree, grand larceny in the second degree and felonious possession of a weapon, and sentencing him to concurrent, indeterminate eight-year prison terms for the attempted murder, assault first

degree and robbery first degree counts, and to indeterminate terms of up to seven years on the remaining counts, modified, on the law and in the interests of justice, to the extent of dismissing the following counts of the indictment, reversing the convictions thereon and vacating the sentences: seventh and ninth counts (robbery, second degree); second and eighth counts (assault, first degree); third count (assault, second degree); fifth count (grand larceny); and sixth count (felonious possession of a weapon). Except as so modified, the judgment is in all other respects affirmed. The robbery in the second degree, assault, grand larceny and weapon possession counts are lesser inclusory concurrent counts of the attempted murder and robbery in the first degree counts. We have previously held that the policy considerations underlying the provisions of CPL 300.40 (subd [3], par [b]) should apply to convictions based upon guilty pleas so that defendants who plead guilty should not be subject to more severe sentences than those convicted of the same offenses after trial and a guilty verdict. *(People v Cox,* 46 AD2d 641.) Concur—Kupferman, Lane and Nunez, JJ.; Stevens, P. J., and Murphy, J., dissent in part in the following memorandum by Murphy, J.: MURPHY, J. (dissenting in part). Defendant pleaded guilty to the entire indictment as a matter of right. (CPL 220.10, subd 2; 220.60, subd. 1.) Nevertheless, the majority, relying on our decision in *People v Cox* (46 AD2d 641), would dismiss the lesser inclusory concurrent counts therein. After further reflection, we believe our decision in *Cox* was erroneous and should no longer be followed. CPL 300.40 provides, in pertinent part: "The court may submit to the jury only those counts of an indictment remaining therein at the time of its charge which are supported by legally sufficient trial evidence, and every count not so supported should be dismissed by a trial order of dismissal. The court's determination as to which of the sufficient counts are to be submitted must be in accordance with the following rules: * * * 3. If a multiple count indictment contains concurrent counts only, the court must submit at least one such count, and may submit more than one as follows: * * * (b) With respect to inclusory concurrent counts, the court must submit the greatest or inclusive count and may or must, under circumstances prescribed in section 300.50, also submit, but in the alternative only, one or more of the lesser included counts. A verdict of guilty upon the greatest count submitted is deemed a dismissal of every lesser count submitted, but not an acquittal thereon. A verdict of guilty upon a lesser count is deemed an acquittal upon every greater count submitted." In *People v Pyles* (44 AD2d 784), we held that CPL 300.40 (subd 3, par [b]) "provides, in substance, that a *verdict* of guilty on the greater of two or more inclusory concurrent counts of an indictment is deemed a dismissal of every lesser count submitted." (Emphasis added.) By its very terms, it is manifest that the above section has no application to a judgment rendered on a plea of guilty. We nevertheless extended the rationale of *Pyles* to a plea situation "so that defendants who plead guilty should not be subject to more severe sentences than those convicted of the same crimes after trial." *(People v Cox, supra.)* Our fear was groundless, however, since only concurrent sentences may be imposed on conviction of inclusory concurrent counts. (CPL 300.30; Penal Law, § 70.25.) Moreover, a conviction of an inclusory concurrent count should not adversely affect a defendant before the parole board since a conviction upon a greater count necessarily includes a conviction of all lesser included offenses. (CPL, 1.20, subd 37.) Finally, we find no statutory authority for the sentencing court's dismissal of a count of the indictment after a plea, as of right, to the entire indictment. (Cf. CPL 210.20, subd 2.) The consequence of *Cox,* and of the instant decision, is to encourage

unnecessary appeals from guilty pleas where no substantial right of the pleading defendant is involved or has been denied. Accordingly, the judgment appealed from should be affirmed.