■ THE PEOPLE OF THE STATE OF NEW YORK v ANTHONY KITT. —Motion for resettlement granted. Concur—Stevens, P. J., Kupferman, Murphy and Lane, JJ.; Nunez, J., would deny the motion and dissents in the following memorandum: In holding with our previous policy considerations underlying the provisions of CPL 300.40 (subd 3, par [b]) that defendants who plead guilty should not be subject to more severe sentences than those convicted of the same offenses after a trial and a guilty verdict, we modified (Stevens, P. J., and Murphy, J. dissenting) the judgment herein, on the law and in the interests of justice, so as to exclude seven lesser inclusory concurrent counts of attempted murder and robbery in the first degree, and otherwise affirmed the judgment. The People now seek leave to have our order modified so as to eliminate therefrom the statement that our decision was based "in the interests of justice" thereby reflecting a modification solely on the law and thus enabling a further review by the Court of Appeals if that tribunal so desires. We did not modify "on the law" as the District Attorney now wants us to state. We modified as a matter of sound policy and in the interests of justice. That we based our decision on policy considerations is admitted by

the District Attorney in his moving affidavit: "This Court based its decision on the policy considerations underlying CPL § 300.40(3)(b), fearing that defendants who are permitted to plead guilty to offenses and their lesser included offenses may be subjected to more severe sentences than those convicted after a jury trial." This order is being resettled solely for the purpose of conforming our order to the jurisdictional requirement of the Court of Appeals. This practice has been disapproved by the Court of Appeals in no uncertain terms in *People v Williams* (31 NY2d 151, 153). "To amend an order to read 'on the law alone' where a question of law does not serve as a basis for a decision cannot confer jurisdiction upon this court." It is grossly unfair, as we unanimously held in *People v Cox* (46 AD2d 641), to impose a harsher sentence on a defendant who pleads guilty than could possibly be imposed on a defendant who was tried to a jury and convicted for the same offense. Resettlement of our order should be denied. Resettled order signed and filed.