■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE RAY, Appellant.—Appeal by defendant from a judgment of the County Court, Nassau County, rendered July 9, 1974, convicting him of robbery in the first degree (two counts) and grand larceny in the third degree (two counts), upon his plea of guilty, and imposing sentence. The appeal also brings up for review an order of the same court, dated June 14, 1974, which, after a hearing, denied his motion to suppress identification testimony. Judgment and order affirmed. The pretrial procedures which resulted in the identification of defendant by Mrs. Azar and Miss Weinstein were not "so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification" (see *Simmons v United States,* 390 US 377, 384). We also find that, although the pretrial procedure which resulted in the identification of defendant by Mr. Azar was unduly suggestive, the People established by "clear and convincing evidence" that his in-court identification had an "independent source" (see *People v Ballott,* 20 NY2d 600, 606). In any event, any error which might have been committed in declaring this testimony admissible is rendered harmless by the more than

ample identification made by the two women (see *People v Gonzalez*, 27 NY2d 53, 57). We also reject defendant's contention that his plea of guilty to the two robbery counts requires a dismissal of the two lesser included counts of grand larceny to which he also pleaded guilty. Defendant was, *"as a matter of right",* entitled to "enter a plea of 'guilty' to the entire indictment" (CPL 220.10, subd 2 [emphasis added]). Moreover, defendant was in no way prejudiced by the failure to dismiss the lesser included counts for the simple reason that only *concurrent* sentences may be imposed on those counts (Penal Law, §'70.25, subd 2; see, also, dissenting memorandum of Mr. Justice Murphy in *People v Kitt*, 48 AD2d 793, 794–795). Rabin, Acting P. J., Martuscello, Cohalan, Margett and Munder, JJ., concur.