THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL A. SORRENTINO, Appellant.—Appeal by defendant from a judgment of the County Court, Nassau County, rendered September 30, 1974, convicting him of criminal mischief in the second degree, after a nonjury trial, and imposing sentence. Judgment reversed, on the law and the facts, and indictment dismissed. The circumstantial evidence upon which defendant was convicted failed to exclude to a moral certainty every reasonable hypothesis of innocence. Hopkins, Acting P. J., Cohalan, Christ, Munder and Shapiro, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES SWINDELL, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered August 21, 1972, convicting him of robbery in the first degree, grand larceny in the third degree, assault in the second degree and attempted assault in the second degree, upon a jury verdict, and imposing sentence. Judgment modified, on the law, by reversing the conviction of grand larceny in the third degree and the sentence thereon and the count is dismissed. As so modified, judgment affirmed. Under the facts of this case, defendant could not have committed robbery in the first degree without having also committed grand larceny in the third degree. Therefore, the guilty verdict on the count for robbery in the first degree required dismissal of the grand larceny count (CPL 300.40, subd 3, par [b]; *People v Grier,* 37 NY2d 847; *People v Sistrunk,* 46 AD2d 914; *People v Pyles,* 44 AD2d 784). We have reviewed the other arguments raised by defendant and find them to be without merit. Latham, Acting P. J., Cohalan, Brennan, Munder and Shapiro, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICKY JOSEPH WALSH, Appellant.—Appeal by defendant from a judgment of the County Court, Nassau County, rendered April 5, 1974, convicting him of robbery in the first degree, grand larceny in the second degree and grand larceny in the third degree, upon a jury verdict, and imposing concurrent indeterminate sentences of 25 years, seven years and four years, respectively. Judgment modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed on the conviction for robbery in the first degree to an indeterminate term of not more than 15 years, said sentence to be concurrent with the other sentences. As so modified, judgment affirmed. The case is remitted to the County Court, Nassau County, for proceedings to direct appellant to surrender himself to said court in order that execution of the judgment be commenced or resumed (CPL 460.50, subd 5). The sentence was excessive to the extent indicated herein. Hopkins, Acting P. J., Cohalan, Christ, Munder and Shapiro, JJ., concur.