■ MERRITT-CHAPMAN & SCOTT CORPORATION, Appellant, v POWER AUTHORITY OF THE STATE OF NEW YORK, Respondent.—Order, Supreme Court, New York County, entered February 10, 1975, denying plaintiff's motion directing examination of defendant as an adverse party by Richard E. Burnett, an employee of Uhl, Hall & Rich, the project engineer; and granting examination of the witness Burnett as a witness, unanimously affirmed. Respondent shall recover of appellant $40 costs and disbursements of this appeal. The sole issue on this appeal is whether Special Term should have directed the examination of the witness as an agent of defendant. Special Term properly exercised its discretion in denying that relief on the present record, leaving the issue of whether the witness and the engineer were agents of the defendant for further factual development in appropriate discovery proceedings or on the trial itself, and expressly directing that "the effect and use at trial of the deposition herein directed is a matter for the trial justice." The court notes that disclosure proceedings in this case began at least five and one-half years ago; the proper administration of justice requires that they be completed expeditiously. Concur—Kupferman, J. P., Lupiano, Silverman, Lane and Nunez, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BOYSIE LEWIS, Appellant.—Judgment, Supreme Court, Bronx County, rendered March 22, 1974, convicting defendant of robbery first degree (two counts), assault in the first degree (two counts), assault second degree (two counts), and robbery second degree, and sentencing him to an indeterminate term of imprisonment with a minimum of three years and a maximum of nine years for each of the convictions of robbery first degree, each of the sentences to run concurrently with each other and with that imposed on January 8, 1974, and defendant receiving an unconditional discharge on all other counts, unanimously modified, on the law, to the extent of reversing the convictions on the four counts of assault and one count of robbery second degree and dismissing those counts and, as so modified, the judgment is affirmed. The People concede that the four assault counts and the second degree robbery count are lesser inclusory concurrent counts of robbery first degree. The verdict of guilty of the two counts of robbery first degree requires a dismissal of the assault and second degree robbery counts (People v Pyles, 44 AD2d 784; People v Cox, 46 AD2d 641). Judgment, Supreme Court, Bronx County, rendered January 8, 1974, convicting defendant of possession of a weapon as a felony and sentencing him to an indeterminate term of imprisonment with a minimum of two years four months and a maximum of seven years, unanimously affirmed. We do not find the sentences to be excessive. Concur—Stevens, P. J., Kupferman, Birns, Capozzoli and Lane, JJ.