■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE O'GARRO, Appellant.—Judgment, Supreme Court, New York County, rendered on December 10, 1973, convicting defendant, after trial before Ascione, J., and a jury, of two counts of robbery in the second degree and one count each of assault in the second degree and grand larceny in the third degree, unanimously modified, on the law, to the extent of reversing the conviction for grand larceny in the third degree and dismissing that count of the indictment and, as so modified, the judgment is affirmed. (People v Pyles, 44 AD2d 784.) The People concede that, on the facts in this case, grand larceny in the third degree was an inclusory concurrent count and that the judgment should be so modified. We have examined the other contentions raised by defendant-appellant and find them to be without merit. Concur—Stevens, P. J., Markewich, Kupferman, Murphy and Capozzoli, JJ.

■ In the Matter of FIRST NATIONAL CITY BANK et al., as Trustees under a Trust Agreement Made by WILLIAM M. BECKER, Respondents. HARRIET BECKER et al., Appellants; WILLIAM M. BECKER, JR., Respondent.— Judgment, Supreme Court, New York County, entered February 21, 1975, upholding validity of an *inter vivos* trust, unanimously affirmed, with $60 costs and disbursements to all parties appearing and filing briefs, payable out of the trust estate. The issue was as to the settlor's competence at the time of creation of the trust. This necessarily involves evaluation of testimony concerning actions and statements, as well as of the weight to be given the opinion of experts. The view taken of the record by the Justice who tried the case cannot be faulted, and the finding and conclusion arrived at is consonant with and supported by the evidence. Further, we find the amount of the attorney's fee to be reasonable, considering the work done. Concur—Markewich, J. P., Murphy, Birns, Capozzoli and Nunez, JJ.

■ PATRICIA D. WANGEMAN, as Executrix of CHARLES E. WANGEMAN, JR., Deceased, Appellant, v GENERAL DYNAMICS CORPORATION, Respondent, et al., Defendant.—Judgment, Supreme Court, New York County, entered on September 22, 1975, as resettled by order entered December 18, 1975, dismissing certain elements in the first and second causes of action in plaintiff's complaint, insofar as they relate to a subsystem of an aircraft designed by defendant, General Dynamics Corporation, unanimously affirmed, without costs and without disbursements. The trial court was correct in dismissing so much of the two causes of action, as related to issues involving the translating cowl system of the F-111-B-4 aircraft, as plaintiff failed to prove a prima facie case. Plaintiff did not present any evidence to establish that a defect or defective condition existed in the system. There is nothing in the record indicating that the switches were not open during takeoff and there is no evidence that they could have closed if the cowl control switches were in an open position. Nor did plaintiff produce evidence sufficient to permit the jury to infer that the location or selection of the control switches was the result of defective design or breach of implied warranty. Concur—Markewich, J. P., Murphy, Birns, Capozzoli and Nunez, JJ.