■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH KERNS and ROBERT MAX, Appellants.—Appeal by defendants from two judgments (one as to each of them) of the Supreme Court, Kings County, both rendered May 15, 1975, convicting them of attempted possession of untaxed cigarettes, upon a jury verdict, and imposing sentence. Judgments reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered (see *People v DeFiore,* 51 AD2d 806). The People agree that our decision in *People v DeFiore (supra)* requires a reversal. Latham, Acting P. J., Damiani, Shapiro and Titone, JJ., concur; Cohalan, J., concurs on constraint of *People v DeFiore* (51 AD2d 806).

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAC ARTHUR KITT, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered May 3, 1974, convicting him of robbery in the second degree and petit larceny, upon a jury verdict, and imposing sentence. Judgment modified, on the law, by reversing the conviction of petit larceny, and the sentence imposed thereon, and the said count is dismissed. As so modified, judgment affirmed. The fact that no objection was taken by appellant at Criminal Term to the inclusion of the count herewith dismissed is immaterial (see *People v Green,* 53 AD2d 677; *People v Grier,* 37 NY2d 847). Latham, Acting P. J., Cohalan, Damiani, Shapiro and Titone, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERTO LISIER, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered July 31, 1974, convicting him of robbery in the first degree (two counts), robbery in the second degree (two counts), grand larceny in the third degree, petit larceny and possession of weapons, etc., as a felony, upon a guilty plea, and imposing sentence. Judgment modified, on the law, by reversing the convictions of robbery in the second degree (two counts), grand larceny in the third degree, petit larceny and possession of weapons, etc., as a felony, and the sentences imposed thereon, and the said counts are dismissed. As so modified, judgment affirmed. The counts which we are dismissing are inclusory concurrent offenses embraced within the counts which charged defendant with robbery in the first degree. A conviction upon the greater counts is deemed a dismissal of every lesser count (see *People v Coleson,* 54 AD2d 702; *People v Searles,* 53 AD2d 899; *People v Walton,* 49 AD2d 736; *People v Kitt,* 48 AD2d 793, mot. for resettlement granted 49 AD2d 820; *People v Cox,* 46 AD2d 641). Hopkins, Acting P. J., Martuscello, Latham, Rabin and Hawkins, JJ., concur.