■ EDWARD E. GODEL, as Tenant and Beneficial Stockholder of AMALGAMATED WARBASSE HOUSES, INC., Appellant, v UNITED HOUSING FOUNDATION, INC., et al., Respondents.—Order, Supreme Court, New York County, entered on September 26, 1975, and judgment entered thereon on October 23, 1975, and order of said court entered on September 24, 1975, unanimously affirmed on the opinion of Postel, J., without costs and without disbursements. Concur—Stevens, P. J., Markewich, Kupferman, Murphy and Silverman, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALLAN BREWER, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHESTER BREWER, Appellant.—Judgments, Supreme Court, New York County, rendered November 20, 1973, convicting defendants, after a jury trial, of the crimes of robbery in the first degree, robbery in the second degree, two counts of grand larceny in the third degree, and possession of a weapon, unanimously modified, on the law, to the extent of reversing the convictions for two counts of grand larceny in the third degree and possession of a weapon, vacating the concurrent sentences imposed thereon, and dismissing those counts of the indictments, and, as so modified, the judgments are otherwise affirmed. On the facts of these cases, robbery in the first degree, grand larceny in the third degree, and possession of a weapon, were "inclusory concurrent counts" and, hence, a verdict of guilty on the robbery in the first degree count requires a dismissal of the lesser counts of grand larceny in the third degree and possession of a weapon, but not an acquittal thereon. (CPL 300.40, subd 3, par [b].) Accordingly, the conviction on the counts of grand larceny, third degree, and possession of a weapon, must be dismissed. (See *People v Pyles,* 44 AD2d 784.) We have examined the other points urged by appellants and find them without merit. Concur—Stevens, P. J., Markewich, Kupferman, Murphy and Silverman, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THEODORE WILLIAMS, Appellant.—Judgment, Supreme Court, New York County, rendered April 24, 1975, unanimously reversed, on the law, and the sentence of five years' probation imposed thereunder vacated. On the instant record it appears that defendant was sentenced as a youthful offender, upon his plea of guilty of robbery in the second degree, to a term of probation on September 8, 1969, with the duration thereof deferred for six months. Such duration was never fixed due to various intervening circumstances. However, since the maximum term of probation was completed before April 24, 1975, the court lacked jurisdiction to impose any further sentence in connection with defendant's youthful offender adjudication. Concur—Markewich, J. P., Murphy, Birns, Capozzoli and Nunez, JJ.