■ NANCY TSENG et al., Appellants, v ST. LUKE'S HOSPITAL CENTER et al., Respondents.—Order, Supreme Court, New York County, entered May 17, 1976, unanimously modified, on the law, to strike Item 19 from the demand for a bill of particulars, and otherwise affirmed, without costs and without disbursements. The stricken item seeks the source of information and ground for belief that plaintiff's injuries resulted from defendant's negligence. Patently this asks for evidence, probably that of experts, and certainly the product of work in preparation for trial. The others, though many in number, are not overburdensome: as to those of which plaintiff has no information, that lack may be stated, with a supplemental bill to follow after knowledge is acquired. A bill of particulars in accordance with the foregoing shall be furnished within 30 days following service of the order to be entered hereon. Concur—Kupferman, J. P., Murphy, Silverman, Markewich and Yesawich, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT TAYLOR, Appellant.—Judgment, Supreme Court, New York County, rendered May 23, 1972, convicting defendant, after a jury trial, of the crimes of robbery in the second degree (two counts), grand larceny in the third degree, and assault in the second degree, unanimously modified, on the law, to the extent of reversing defendant's convictions of the counts of grand larceny in the third degree and assault in the second degree and dismissing those counts of the indictment. The judgment, as so modified, is affirmed. Order, Supreme Court, New York County, entered on March 14, 1973, denying defendant's motion to vacate the judgment based on newly-discovered evidence, unanimously affirmed. On the facts in the instant case, defendant's conviction on the robbery charges necessarily requires a dismissal of the inclusory concurrent counts of grand larceny in the third degree and assault in the second degree. *(People v Grier,* 37 NY2d 847; *People v Hankins,* 48 AD2d 649; *People v Pyles,* 44 AD2d 784.) We have considered the other points urged by appellant and find them without merit. Concur—Kupferman, J. P., Murphy, Silverman, Markewich and Yesawich, JJ.