■ RICHARD COHEN, Respondent, v HARVEY C. SIEGEL, Appellant, et al., Defendant.—We unanimously affirm, without costs and without disbursements, so much of the order entered September 14, 1976 in the Supreme Court, New York County, as directed defendants to comply with plaintiff's notice for discovery and inspection, and upon their failure to do so within 30 days after service of a copy of the order to be entered herein, with notice of entry, an order of preclusion may be entered against defendants without further notice. That portion of the appeal which is taken from the denial of defendant Harvey C. Siegel's motion to disqualify plaintiff's counsel, is unanimously dismissed as moot, without costs and without disbursements, in light of the fact that there has been a substitution of such counsel by a "Consent to Change Attorney" executed January 19, 1977, and the record and brief filed in this court have been stamped to reflect such change. Additionally, by letter dated February 24, 1977 and addressed to this court, substituted counsel state, without reservation, that they now represent plaintiff-respondent in all respects for the prosecution of this action. Concur—Stevens, P. J., Birns, Capozzoli and Nunez, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM LANG, Appellant.—Judgment, Supreme Court, New York County, rendered May 3, 1974, upon a jury verdict, convicting defendant of three counts of robbery in the second degree and three counts of grand larceny in the third degree, and sentencing defendant as a second felony offender to a term of 4 to 8 years on each count of robbery in the second degree, and a term of 1½ to 3 years on each count of grand larceny in the third degree, all sentences to run concurrently, unanimously modified, on the law, to reverse as inclusory concurrent counts the convictions on the grand larceny counts, and dismissing those counts of the indictment, and to vacate the sentences thereon, and, as so modified, affirmed. Guilt has been proven beyond a reasonable doubt. Defendant's allegations of trial error requiring reversal are without merit. However, the three counts of grand larceny in the third degree are inclusory, concurrent counts of robbery in the second degree and are reversed *(People v Pyles,* 44 AD2d 784; CPL 300.40, subd 3). Concur—Stevens, P. J., Birns, Capozzoli and Nunez, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCELIA BILLINGS, True Name MARCELIA BITTINGS, Appellant.—Application by appellant's counsel to withdraw as counsel granted (see *Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833). Concur—Birns, J. P., Capozzoli, Lane and Nunez, JJ.