■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROOSEVELT LEWIS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered May 4, 1973, convicting him of criminally selling a dangerous drug in the third degree, upon a jury verdict, and imposing sentence. Judgment affirmed. The error, if any, in the trial court's admission of the undercover agent's postarrest identification of defendant from an arraignment photograph was rendered harmless by the independent source of origin for the agent's in-court identification, to wit, his face-to-face confrontation with defendant during the course of the sale (cf. *People v Ray,* 50 AD2d 575; *People v Figueora,* 43 AD2d 648). We have considered defendant's other arguments and find them to be without merit. Hopkins, Acting P. J., Margett, Damiani and Rabin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOEL McCRAY, Also Known as JO MOE, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered May 3, 1974, convicting him of criminally selling a dangerous drug in the third degree and criminal possession of a dangerous drug in the third and fourth degrees, upon a jury verdict, and imposing sentence. Judgment affirmed. Defendant-appellant's indictment and conviction for the crimes of criminally selling and possessing a dangerous drug arose out of a sale of heroin to a police officer on November 9, 1972. During the course of its charge, the trial court instructed the jury that possession of a drug carries with it a "presumption" that the possessor knows the nature of the possessed substance. That portion of the charge was erroneous. Possession of narcotics permits an inference, and not a presumption, that the possessor has knowledge of the nature of the substance. The inference can be rebutted. The burden of proving "knowledge" beyond a reasonable doubt always remains with the prosecution. The court also erred in instructing the jury that "Evidence which is evenly balanced is naturally not [beyond] a reasonable doubt. If the evidence is as consistent with innocence as it is with guilt the defendant is entitled to the benefit of the innocent consideration." That statement, standing by itself, may have improperly conveyed to the jury the impression that defendant could be convicted if his guilt was demonstrated by a preponderance of the evidence. However, other parts of the charge correctly stated the applicable law. Notwithstanding these errors, it is our view that the judgment of conviction must be affirmed. We have reviewed the entire record and conclude that the errors were harmless. The proof of defendant's guilt was so overwhelming as to preclude any significant probability that the jury would have acquitted defendant had it not been for the errors which had occurred (see *People v Crimmins,* 36 NY2d 230, 242). We have reviewed the other issues raised by defendant and find them to be without merit. Margett, Acting P. J., Shapiro, Titone and Suozzi, JJ., concur.