some indication in the record that plaintiff's claim may not be completely "solid", we think that Special Term should have granted the motion to open the default to the extent of permitting defendants to answer or otherwise plead and have the issues in the case determined in normal course, subject only to permitting the default judgment to stand as security for such indebtedness of the defendants as plaintiff may establish upon the trial. (Appeal from order of Onondaga Supreme Court—vacate default, etc.) Present—Marsh, P. J., Dillon, Hancock, Jr., Denman and Witmer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL S. JOHNSON, Appellant.—Judgment unanimously modified in accordance with memorandum and, as modified, affirmed, Dillon, J., not participating. Memorandum: Defendant was indicted and tried on concurrent counts of first degree robbery and second degree robbery as a result of his involvement with two juveniles in an armed holdup of a gas station. Following a jury trial he was convicted on both counts and sentenced to concurrent indeterminate terms of imprisonment, with a maximum of seven and one-half years on the first degree robbery count and a maximum of six years on the count of second degree robbery. CPL 300.40 (subd 3, par [b]) provides that a verdict of guilty upon two or more inclusory concurrent counts of an indictment is deemed a dismissal of every lesser count submitted. Concurrent counts are inclusory when the offense charged in one count is greater than any of those charged in the others and when the latter are all lesser offenses included within the greater (CPL 300.30, subd 4). A lesser included offense arises when it is impossible to commit a particular crime without concomitantly committing, by the same conduct, another offense of lesser grade or degree (CPL 1.20, subd 37). Upon the proof presented at trial it was impossible for defendant to have committed first degree robbery without concomitantly committing second degree robbery as charged in the second count of the indictment. Accordingly, the verdict of guilty on the count of first degree robbery required a dismissal of the lesser second degree robbery count (People v Webster, 54 AD2d 703; People v Wallace, 53 AD2d 1057; People v Cabrera, 49 AD2d 856; People v Randolph, 47 AD2d 888). The People concede that a modification of the judgment of conviction is required. The dismissal of the second degree robbery count does not affect the validity of the conviction on the remaining count (see People v Pyles, 44 AD2d 784). We have examined defendant's other contentions and find them to be without merit. (Appeal from judgment of Erie Supreme Court—robbery, first degree, etc.) Present—Marsh, P. J., Moule, Dillon, Hancock, Jr., and Witmer, JJ.

■ WAYNE L. DUTTON, Respondent, v CITY OF OLEAN, Appellant.— Appeal dismissed as moot. (See Dutton v City of Olean, 60 AD2d 335,) (Appeal from order of Cattaraugus Supreme Court—discovery.) Present— Cardamone, J. P., Simons, Dillon, Denman and Witmer, JJ.

■ WAYNE L. DUTTON, Respondent, v CITY OF OLEAN, Appellant.— Appeal dismissed as moot. (See Dutton v City of Olean, 60 AD2d 335.) (Appeal from order of Cattaraugus Supreme Court—examination before trial.) Present—Cardamone, J. P., Simons, Dillon, Denman and Witmer, JJ.

■ DIANE M. SABADASZ, Appellant, v DANIEL C. SABADASZ, Respondent. —Judgment unanimously reversed, with costs, divorce granted to plaintiff, and matter remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: Plaintiff sought divorce based upon defendant's physical and mental cruelty and defendant counterclaimed for divorce on the same ground. The trial court dismissed both the