■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR RIVERA, Appellant.—Judgment, Supreme Court, Bronx County (Warner, J.), rendered June 23, 1983, which, after a jury trial, convicted defendant of attempted murder in the second degree; two counts of robbery in the first degree; two counts of robbery in the second degree; burglary in the first degree; sexual abuse in the first degree; two counts of assault in the first degree, and sentenced him to concurrent terms of not less than 8⅓ and not more than 25 years on the attempted murder and robbery in the first degree convictions; not less than 5 nor more than 15 years on the robbery in the second degree, assault in the first degree, and burglary in the first degree convictions, to run concurrently; and also sentenced him to not less than 2⅓ nor more than 7 years on the sexual abuse in the first degree conviction, to run consecutively to the other sentences imposed; unanimously modified, on the law, to the extent of vacating the conviction on count five of the indictment, charging robbery in the second degree, dismissing that count, and otherwise affirmed.

Among the crimes which defendant was convicted of having committed, in a brutal and vicious manner, on June 24, 1982, was one count of robbery in the first degree under Penal Law § 160.15 (1) (count two of the indictment). Penal Law § 160.15 (1) states, in pertinent part:

"A person is guilty of robbery in the first degree when he forcibly steals property and when, in the course of the commission of the crime or of immediate flight therefrom, he or another participant in the crime:

"1. Causes serious physical injury to any person who is not a participant in the crime".

Appellant was also convicted of one count of robbery in the second degree under Penal Law § 160.10 (2) (a) (count five of the indictment). Penal Law § 160.10 (2) (a) reads, in pertinent part:

"A person is guilty of robbery in the second degree when he forcibly steals property and when * * *

"2. In the course of the commission of the crime or of immediate flight therefrom, he or another participant in the crime,

"(a) Causes physical injury to any person who is not a participant in the crime".

Robbery in the second degree, based upon the causing of physical injury, is a lesser included offense of robbery in the first degree based upon the causing of serious physical injury, since it is impossible to cause serious physical injury without at the same time causing physical injury to the victim. *(See, People v Ford,* 62 NY2d 275, 281 [1984]; *People v Johnson,* 60 AD2d 971 [4th Dept 1978].)

CPL 300.40 (3) (b) provides: "With respect to inclusory concurrent counts, the court must submit the greatest or inclusive count and may or must, under circumstances prescribed in section 300.50, also submit, but in the alternative only, one or more of the lesser included counts. A verdict of guilty upon the greatest count submitted is deemed a dismissal of every lesser count submitted, but not an acquittal thereon". Since the defendant was convicted, under count two of the indictment, of robbery in the first degree based upon the causing of serious physical injury to the victim, that conviction must be deemed a dismissal of count five, robbery in the second degree based upon the causing of physical injury to the same victim. Concur—Kupferman, J. P., Fein, Milonas, Rosenberger and Ellerin, JJ.