■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL RAMOS, Appellant. [636 NYS2d 394] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Berke, J.), rendered February 17, 1994, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

During the voir dire, defense counsel objected to the prosecutor's use of peremptory challenges against "young minority persons". After the trial court denied this objection, noting that it was not established that the prosecutor had discriminated against young people, defense counsel asserted that he was objecting to the "systematic exclusion of young minority women". On appeal the defendant now argues that the trial court erred in not finding a prima facie case of discriminatory peremptory challenges against "black women". However, inasmuch as the defendant's *Batson* claim was never expressed as one specifically based on a combination of race and gender, and was never presented to the trial court in those terms, the issue is unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Stephens,* 84 NY2d 990; *cf., People v Garcia,* 217 AD2d 119).

Contrary to the defendant's contention, the court's charge, when viewed in its entirety, properly conveyed the applicable law as to both reasonable doubt and the burden of proof *(see, People v Mosley,* 67 NY2d 985; *People v Cohen,* 61 AD2d 929; *People v McCray,* 57 AD2d 632).

We have considered the defendant's remaining contention and find it to be without merit. Mangano, P. J., Balletta, Pizzuto and Santucci, JJ., concur.