Memorandum. Order of the Appellate Division, insofar as it dismissed the inclusory concurrent counts, reversed, the inclusory concurrent counts reinstated, and the matter remitted to the Appellate Division for consideration of the facts.
 

 CPL 220.10 provides "[ejxcept as provided in subdivision five, the defendant may as a matter of right enter a plea of 'guilty’ to the entire indictment” (subd 2). Subdivision 5 of the section is not applicable. The balance of the provision is an unqualified mandate which, if not unconstitutional, must be followed. CPL 300.40 (subd 3, par [b]) requires dismissal of lesser inclusory concurrent counts only after a trial and a verdict of guilty upon the greatest count. Article 300 deals
 
 *881
 
 only with trials, and has no application to convictions obtained on plea of guilty. (See, accord,
 
 People v Ray,
 
 50 AD2d 575, 576; contra
 
 People v Kitt,
 
 48 AD2d 793, 794, mot for resettlement granted 49 AD2d 820, mot to dismiss app den 38 NY2d 799;
 
 People v Cox,
 
 46 AD2d 641.)
 

 The statutory distinction, which if constitutional requires no support, is indeed supported by sound policy considerations. Permitting the court to accept a plea of guilty to the entire indictment, even when a series of inclusory concurrent counts is involved, prevents a defendant, having voluntarily pleaded guilty, from avoiding all criminal sanction by obtaining on appeal a reversal of his conviction on a single count of the indictment. In the instance of a trial verdict there is a full record which establishes the facts upon which the prosecution relies to support the conviction. In the case of a plea of guilty there is no such record and there usually are only varying degrees of admissions of guilt other than the fact of the plea.
 

 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
 

 Order, insofar as appealed from, reversed and the case remitted to the Appellate Division, First Department, for further proceedings in accordance with the memorandum herein.