■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY VILLEROEL, Appellant.—Judgment, Supreme Court, Bronx County, rendered September 5, 1974, convicting the defendant on his plea of guilty of robbery in the first degree, after his motions to suppress testimony were denied, and sentencing him to a term of imprisonment for a minimum of 3⅓ years and a maximum of 10 years, unanimously reversed, on the law, and the motion to suppress admissions to the Assistant District Attorney granted, the plea vacated and the matter remanded for further proceedings not inconsistent with this decision. The defendant having been informed of his rights, made certain incriminatory statements to a detective. Thereafter, the Assistant District Attorney took a statement from the appellant at the police precinct. However, in the interim an attorney had notified a detective at the precinct that he could not be present because it was Sunday, but that he would be in court the following day. With respect to the incriminating statement to the Assistant District Attorney only, the defendant's waiver of his right to remain silent is of no efficacy. *(People v Hobson,* 39 NY2d 479.) While the Assistant District Attorney may have proceeded in good faith because he did not have actual knowledge of the telephone call, once "a lawyer has entered a criminal proceeding representing a defendant in custody in connection with criminal charges under investigation, the prosecution cannot question the defendant in the absence of his attorney" *(People v Ramos,* 40 NY2d 610, 614). While the suppression of this statement may be of no efficacy to the defendant in view of his earlier incriminatory statement (cf. *People v*

*Lowrance,* 41 NY2d 303; *People v Walton,* 41 NY2d 880), we deem it of sufficient moment to reverse and suppress the confession to the Assistant District Attorney. We have examined the other points on appeal and found them lacking in substance. Concur—Stevens, P. J., Kupferman, Murphy, Silverman and Markewich, JJ.