# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**832**

**KA 11-01321**

PRESENT: CENTRA, J.P., FAHEY, CARNI, SCONIERS, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                           MEMORANDUM AND ORDER

WILSON STEWART, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (MARIA MALDONADO OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered July 9, 2010. The appeal was held by this Court by order entered November 15, 2013, decision was reserved and the matter was remitted to Onondaga County Court for further proceedings (111 AD3d 1395). The proceedings were held and completed.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reversing that part convicting defendant of assault in the second degree and dismissing count two of the indictment and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a nonjury verdict, of assault in the first degree (Penal Law § 120.10 [1]), assault in the second degree (§ 120.05 [2]) and criminal possession of a weapon in the third degree (§ 265.02 [1]). We previously held the case, reserved decision and remitted the matter to County Court to rule on that part of defendant's pretrial motion seeking inspection of the grand jury minutes to determine whether the grand jury proceedings were defective (*People v Stewart*, 111 AD3d 1395). Upon remittal, the court concluded that the grand jury proceedings were not defective, and defendant does not challenge that ruling upon resubmission of this appeal. We agree with defendant that assault in the second degree (§ 120.05 [2]) under count two of the indictment is a lesser included offense of assault in the first degree (§ 120.10 [1]) "and therefore should have been considered only in the alternative as an inclusory concurrent count of assault in the first degree" (*People v Flecha*, 43 AD3d 1385, 1386, *lv denied* 9 NY3d 990; *see* CPL 300.30 [4]; 300.40 [3] [b]). We thus modify the judgment accordingly. Finally, the sentence is not unduly harsh or severe.

Entered: July 11, 2014                                      Frances E. Cafarell
                                                           Clerk of the Court