THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAMONT BROWN, Appellant. [53 NYS3d 626]—

Judgment, Supreme Court, New York County (Maxwell Wiley, J., at speedy trial motion; Bruce Allen, J., at jury trial and sentencing), rendered June 28, 2013, as amended July 18, 2013, convicting defendant of grand larceny in the fourth degree, criminal contempt in the first degree, three counts of criminal contempt in the second degree and two counts of tampering with a witness in the fourth degree, and sentencing him, as a second felony offender, to an aggregate term of two to four years, unanimously affirmed.

The court properly denied defendant's speedy trial motion. We find that only 28 of the days disputed by the parties on appeal should be charged to the People, which yields a total of 90 days, well under the applicable six-month period.

Defendant's argument concerning the adjournment from August 1 to September 5, 2012 is unpreserved, and we decline to review it in the interest of justice. As an alternative holding, we find that the period is excludable because the case was not on for trial on August 1, given that defendant was still in need of time to complete his trial preparation (*see People v Baumann*, 38 AD3d 452, 453 [1st Dept 2007], *lv denied* 9 NY3d 840 [2007]).

The adjournment from October 3 to 10, 2012 is excludable because defense counsel was trying another case (*see People v Barden*, 27 NY3d 550, 555 [2016]). It would have been a physical impossibility for defense counsel to try both cases simultaneously, and the time is thus excludable notwithstanding the People's own lack of readiness (*see People v Mannino*, 306 AD2d 157, 158 [1st Dept 2003], *lv denied* 100 NY2d 643 [2003]).

Similarly, the first six days of the adjournment from October 10 to 24, 2012 are excludable because defense counsel was still on trial, and only the remaining eight days are properly chargeable to the People.

All but the first day of the adjournment from October 24 to November 7, 2012 is excludable. On October 24 the People stated that they were not ready, and requested a two-week adjournment to present additional charges against defendant to a grand jury. The next day, however, the People filed a certificate of readiness. On November 7, the People again stated that they were not ready, explaining that they had been unable to complete the grand jury presentation as a result of conditions caused by Hurricane Sandy. The People thus adequately explained on the record the reasons for the change from readiness on October 25 to unreadiness on November 7 (*see People v Brown*, 28 NY3d 392 [2016]).

The entire adjournment from November 7 to 26, 2012 chargeable to the People, and their arguments to the contrary are unavailing.

The adjournments from December 5, 2012 to February 6, 2013, and from that date to March 20, 2013, are excludable as "reasonable period[s] of delay resulting from other proceedings concerning the defendant, including . . . pre-trial motions" (CPL 30.30 [4] [a]). These periods of delay included those resulting from the People's motion to consolidate the two indictments involved in this case (*see People v Kelly*, 33 AD3d 461 [1st Dept 2006], *lv denied* 7 NY3d 926 [2006]), from defendant's omnibus motion on the second indictment (*see People v Brown*, 99 NY2d 488, 492 [2003]), and from the People's need for "a reasonable time to prepare after the court's decision on motions" (*People v Davis*, 80 AD3d 494, 494-495 [1st Dept 2011]).

With regard to the defendant's challenges to the prosecutor's summation, the only one that is even arguably preserved is his claim that the prosecutor improperly asked the jurors to consider the victim's testimony as if it came from a "friend" in a casual conversation. We find that this remark was permissible rhetoric that did not vouch for the witness, and was harmless in any event. By failing to object, by making generalized objections, or by failing to request further relief after the court took curative actions, defendant failed to preserve his other claims and we decline to review them in the interest of justice. As an alternative holding, we find that the prosecutor's summation did not deprive defendant of a fair trial (*see People v Overlee*, 236 AD2d 133 [1st Dept 1997], *lv denied* 91 NY2d 976 [1998]; *People v D'Alessandro*, 184 AD2d 114, 118-119 [1st Dept 1992], *lv denied* 81 NY2d 884 [1993]), and that any errors were harmless.

Defendant's legal sufficiency claim regarding his witness

tampering convictions is unpreserved, and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. We also find that the verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). Concur—Acosta, J.P., Richter, Andrias, Kahn and Gesmer, JJ.