People v Valenzuela (2020 NY Slip Op 02853)





People v Valenzuela


2020 NY Slip Op 02853


Decided on May 14, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 14, 2020

Richter, J.P., Oing, Singh, Moulton, JJ.


11486 4082/12

[*1] The People of the State of New York, Respondent,
v Santo Valenzuela, Defendant-Appellant.


Janet E. Sabel, The Legal Aid Society, New York (Steven R. Berko of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Jonathan Krois of counsel), for respondent.



Judgment, Supreme Court, New York County (Richard D. Carruthers, J. at speedy trial motion; Abraham L. Clott, J. at jury trial and sentencing), rendered July 9, 2015, convicting defendant of robbery in the first and second degrees, and sentencing him to concurrent prison terms of five years, unanimously affirmed.
The court properly denied defendant's speedy trial motion. The court correctly ruled that the sole period at issue on appeal was excludable time under CPL 30.30(4)(b), because defense counsel was on trial in another case (see e.g. People v Brown, 149 AD3d 584 [1st Dept 2017], lv denied 20 NY3d 1124 [2017]). There is nothing in the record to suggest that the colleague of defense counsel who appeared in court was available to try the case instead of the assigned attorney.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). The totality of the evidence supports the inference of defendant's accessorial liability (see Penal Law § 20.00). There is no reasonable explanation for defendant's behavior except that he was an intentional participant in the crime, and not a spectator.
The court properly declined to permit defendant to introduce a portion of the grand jury testimony of a prosecution witness who was unavailable at trial, and there was no violation of defendant's constitutional right to present a defense. The probative value of this testimony depended on the resolution of a critical ambiguity that was never clarified during the grand jury proceeding. Accordingly, the court correctly determined that the testimony lacked "sufficient indicia of reliability" (People v Robinson, 89 NY2d 648, 650 [1997]). The prosecutor's "mere opportunity to examine" its witness before the Grand Jury did not establish reliability under the particular circumstances (id. at 655). In any event, any error regarding the denial of defendant's request to introduce grand jury minutes was harmless. There is no reasonable possibility that introduction of these minutes would have affected the verdict.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 14, 2020
CLERK