People v Mahon (2020 NY Slip Op 06550)





People v Mahon


2020 NY Slip Op 06550


Decided on November 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX, JJ.


2017-08286
2018-15064
 (Ind. No. 9955/14)

[*1]The People of the State of New York, respondent,
v
Antonio Mahon, appellant.


Paul Skip Laisure, New York, NY (Yvonne Shivers of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Keith Dolan, and Goodwin Procter LLP [Eric D. Lawson] of counsel), for respondent.



DECISION & ORDER
Appeals by the defendant from (1) a judgment of the Supreme Court, Kings County (ShawnDya L. Simpson, J.), rendered April 24, 2017, convicting him of murder in the second degree, attempted murder in the second degree, assault in the first degree, burglary in the first degree, burglary in the second degree, criminal possession of a weapon in the second degree (two counts), assault in the second degree (two counts), criminal possession of a firearm, and menacing in the second degree, upon a jury verdict, and imposing sentence, and (2) a resentence of the same court imposed June 15, 2017, sentencing him to an indeterminate term of imprisonment of 25 years to life on the conviction of murder in the second degree, a determinate term of imprisonment of 25 years plus 5 years of postrelease supervision on the conviction of attempted murder in the second degree, a determinate term of imprisonment of 25 years plus 5 years of postrelease supervision on the conviction of assault in the first degree, a determinate term of imprisonment of 25 years plus 5 years of postrelease supervision on the conviction of burglary in the first degree, a determinate term of imprisonment of 15 years plus 5 years of postrelease supervision on the conviction of burglary in the second degree, a determinate term of imprisonment of 15 years plus 5 years of postrelease supervision on each conviction of criminal possession of a weapon in the second degree, a determinate term of imprisonment of 7 years plus 5 years of postrelease supervision on each conviction of assault in the second degree, an indeterminate term of imprisonment of 1&frac13; to 4 years on the conviction of criminal possession of a firearm, and a definite term of imprisonment of 1 year on the conviction of menacing in the second degree, with the sentences imposed on the convictions of murder in the second degree and criminal possession of a weapon in the second degree to run concurrently with each other and with the sentence imposed on the conviction of menacing in the second degree, the sentences imposed on the convictions of attempted murder in the second degree, assault in the first degree, and assault in the second degree to run concurrently with each other, the sentences imposed on the convictions of burglary in the first degree, burglary in the second degree, and criminal possession of a firearm to run concurrently with each other, and the three sets of concurrent sentences to run consecutively to each other.
ORDERED that the appeal from so much of the judgment as imposed the sentence is dismissed, as that portion of the judgment was superseded by the resentence; and it is further,
ORDERED that the judgment is modified, on the law, by vacating the convictions of burglary in the second degree, assault in the second degree (two counts), and criminal possession of a firearm, and dismissing those counts of the indictment; as so modified, the judgment is affirmed insofar as reviewed; and it is further,
ORDERED that the resentence is modified, on the law and as a matter of discretion in the interest of justice, (1) by vacating the resentences imposed on the convictions of burglary in the second degree, assault in the second degree (two counts), and criminal possession of a firearm, (2) by providing that the resentence imposed on the conviction of criminal possession of a weapon in the second degree under count 8 of the indictment shall run concurrently with the resentences imposed on the convictions of attempted murder in the second degree and assault in the first degree, and (3) by providing that the resentences imposed on the convictions of attempted murder in the second degree and assault in the first degree shall run concurrently with the resentence imposed on the conviction of burglary in the first degree; as so modified, the resentence is affirmed.
We agree with the Supreme Court's determination to deny the defendant's motion, made on the eve of trial, to sever the burglary and related counts from the other counts in the indictment. The motion was untimely (see CPL 255.20), and the defendant failed to demonstrate good cause for his untimely motion (see People v Singh, 60 AD3d 875, 876). In any event, the charges were "the same or similar in law," each involving the use or possession of a firearm or what appeared to be a firearm (CPL 200.20[2][c]; see Penal Law §§ 120.14[1]; 140.30[4]), and consequently were properly joinable (see People v Mack, 111 AD2d 186, 187-188). The defendant failed to show that the charges should be tried separately for good cause or in the interest of justice (see CPL 200.20[3]). Contrary to the defendant's contention, the record does not demonstrate that there was a significant difference in the quantum of proof of one incident as compared to the others, or that there was a substantial likelihood that the jury would be unable to consider separately the proof as it related to each incident (see CPL 200.20[3][a]; People v Stegeman, 139 AD3d 1092, 1093).
The defendant's contention that he was deprived of a fair trial by certain improper remarks made by the prosecutor during summation is unpreserved for appellate review (see CPL 470.05[2]). In any event, to the extent that some of the challenged remarks were improper (see People v Ashwal, 39 NY2d 105, 109), they were not so flagrant or pervasive as to deprive the defendant of a fair trial (see People v Abodalo, 178 AD3d 1067).
As the People concede, the defendant's convictions of assault in the second degree under Penal Law § 120.05(1) and (2) must be dismissed as lesser included concurrent counts of assault in the first degree under Penal Law § 120.10(1) (see CPL 300.40[3][b]; People v Stewart, 119 AD3d 1455, 1455; People v Cantarero, 248 AD2d 481, 482). Additionally, the conviction of burglary in the second degree under Penal Law § 140.25(2) must be dismissed as a lesser included concurrent count of burglary in the first degree under Penal Law § 140.30(4) (see People v Ortiz, 170 AD3d 892, 893), and the conviction of criminal possession of a firearm under Penal Law § 265.01-b(1) must be dismissed as a lesser included concurrent count of criminal possession of a weapon in the second degree under Penal Law § 265.03(1)(b) (see People v Harriott, 181 AD3d 863).
We agree with the defendant that the resentence imposed on the conviction of criminal possession of a weapon in the second degree under count 8 of the indictment must run concurrently with the resentences imposed on the convictions of attempted murder in the second degree and assault in the first degree, which related to the same complainant (see People v Wright, 19 NY3d 359, 365; People v Hamilton, 4 NY3d 654, 658-659; People v King, 172 AD3d 1098, 1099). The People's theory under count 8 of the indictment pertained specifically to that complainant, and the jury was charged accordingly (see People v Devorce, 178 AD3d 846, 847).
The defendant failed to preserve for appellate review his contention that the resentence imposed improperly penalized him for exercising his right to a jury trial (see People v Hatcher, 130 AD3d 648, 649). In any event, the record does not reflect that the Supreme Court [*2]impermissibly punished the defendant for exercising his right to proceed to trial.
However, the resentence imposed, resulting in an aggregate term of imprisonment of 75 years to life, was excessive to the extent indicated herein and is reduced to an aggregate term of imprisonment of 50 years to life (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions either are without merit or need not be reached in light of our determination.
RIVERA, J.P., CHAMBERS, COHEN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court