People v Ambrosio (2020 NY Slip Op 07214)





People v Ambrosio


2020 NY Slip Op 07214


Decided on December 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2017-06276
 (Ind. No. 1682/14)

[*1]The People of the State of New York, respondent,
v
Joseph Ambrosio, appellant.


Paul Skip Laisure, New York, NY (Jenin Younes of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Hannah X.
Scotti of counsel) for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Charles S. Lopresto, J.), rendered January 5, 2017, convicting him of robbery in the first degree and criminal possession of stolen property in the fourth degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
After a jury trial, the defendant was convicted, inter alia, of robbery in the first degree based on evidence that he had stolen property from the complainant. The complainant testified that the defendant accosted her from behind, threatened to cut her, and did in fact cut her on the hand with a sharp instrument that she did not see but that felt to her like a very sharp blade. An investigating police officer testified that he subsequently observed an injury to the complainant's hand. The defendant was arrested following his identification from surveillance videos and photographs of the incident, which were disseminated to the media by police.
The defendant's challenge to the legal sufficiency of the evidence supporting his conviction of robbery in the first degree is without merit. Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt of robbery in the first degree beyond a reasonable doubt (see People v Pena, 50 NY2d 400, 406-409; People v Hallums, 157 AD2d 800, 801). Moreover, upon our independent review pursuant to CPL 470.15(5), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Furthermore, given the complainant's account of the crime, the Supreme Court did not err in denying the defendant's request to charge robbery in the third degree as a lesser included offense of robbery in the first degree since, viewing the evidence in the light most favorable to the defendant (see People v Martin, 59 NY2d 704, 705), there was no reasonable view of the evidence that would have supported a finding that the defendant committed the lesser offense but not the greater (see People v Rivera, 23 NY3d 112, 121; People v Minard, 125 AD3d 691; People v Mitchell, 59 AD3d 739, 740; People v Monroe, 212 AD2d 374).
Contrary to the defendant's contention, the Supreme Court did not deprive him of the right to self-representation. The defendant's request to proceed pro se was made in the context of his claim of dissatisfaction with counsel, and was not unequivocal (see People v Evans, 116 AD3d 879, 880; People v Jackson, 97 AD3d 693, 694; People v Scivolette, 40 AD3d 887, 887-888). Moreover, since the defendant's subsequent conduct indicated his satisfaction with his assigned counsel, he abandoned any previous request to represent himself (see People v Gillian, 8 NY3d 85, 88; People v Little, 151 AD3d 531, 531-532; People v Jackson, 97 AD3d at 694).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
MASTRO, J.P., CHAMBERS, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court