People v Nicoletti (2020 NY Slip Op 07401)





People v Nicoletti


2020 NY Slip Op 07401


Decided on December 9, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2017-11004
 (Ind. No. 106/15)

[*1]The People of the State of New York, respondent,
v
Anthony Nicoletti, appellant.


Paul Skip Laisure, New York, NY (Sean Nuttall of counsel), for appellant.
Michael E. McMahon, District Attorney, Staten Island, NY (Morrie I. Kleinbart and Alexander Fumelli of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Richmond County (William Garnett, J.), rendered September 25, 2017, convicting him of criminal possession of a weapon in the second degree and criminal possession of a firearm, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is modified, on the law, by vacating the conviction of criminal possession of a firearm, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.
The defendant was charged with various offenses, based upon allegations that he shot the complainant twice in the early morning hours of May 6, 2015. The Supreme Court submitted five counts to the jury: attempted murder in the second degree (Penal Law §§ 110.00, 125.25[1]); assault in the first degree (Penal Law § 120.10[1]); assault in the second degree (Penal Law § 120.05[1]); criminal possession of a weapon in the second degree (Penal Law § 265.03[1][b]); and criminal possession of a firearm (Penal Law § 265.01-b[1]). Additionally, the court instructed the jury to not consider count five, criminal possession of a firearm, if it found the defendant guilty of count four, criminal possession of a weapon in the second degree.
The defendant was convicted of criminal possession of a weapon in the second degree and criminal possession of a firearm, and acquitted of the remaining counts.
Contrary to the defendant's contention, the verdict of guilt of criminal possession of a weapon in the second degree was not against the weight of the evidence. "[W]eight of the evidence review requires a court first to determine whether an acquittal would not have been unreasonable. If so, the court must weigh conflicting testimony, review any rational inferences that may be drawn from the evidence and evaluate the strength of such conclusions. Based on the weight of the credible evidence, the court then decides whether the jury was justified in finding the defendant guilty beyond a reasonable doubt" (People v Danielson, 9 NY3d 342, 348). "While weight of the evidence review does not require that [the Court] ascertain the basis for any implied inconsistencies in a jury verdict, [the Court] may consider an acquittal on a particular count in performing [its] weight of the evidence review" (People v Chavez, 139 AD3d 1082, 1083 [internal citations omitted]). However, "'[w]here [*2]a jury verdict is not repugnant, it is imprudent to speculate concerning the factual determinations that underlay the verdict because what might appear to be an irrational verdict may actually constitute a jury's permissible exercise of mercy or leniency'" (People v Sturges, 164 AD3d 616, 618, quoting People v Horne, 97 NY2d 404, 413). Here, the fact that the defendant was acquitted of the top three counts did not undermine the weight of the evidence supporting the jury's verdict of guilt of criminal possession of a weapon in the second degree (see People v Perry, 122 AD3d 775, 777).
However, because the charge of criminal possession of a weapon in the second degree and the charge of criminal possession of firearm are inclusory concurrent counts, the conviction of criminal possession of a firearm, as well as the sentence imposed thereon, must be vacated, and that count of the indictment must be dismissed (see CPL 300.30[4]; CPL 300.40[3][b]; People v Bentley, 186 AD3d 844, 845).
In light of our determination, we need not reach the defendant's remaining contention.
MASTRO, J.P., CHAMBERS, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court