People v Cook (2021 NY Slip Op 02175)





People v Cook


2021 NY Slip Op 02175


Decided on April 7, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2017-13019
 (Ind. No. 7125/15)

[*1]The People of the State of New York, respondent,
v
Bonitti Cook, appellant.


Paul Skip Laisure, New York, NY (Martin B. Sawyer of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Camille O'Hara Gillespie of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Deborah Dowling, J.), rendered November 2, 2017, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that the evidence was legally insufficient to support his conviction of criminal possession of a weapon in the second degree is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The Supreme Court providently exercised its discretion (see CPL 300.50[1]) in denying the defendant's application to charge criminal possession of a firearm (Penal Law § 265.01-b) as a lesser included offense of criminal possession of a weapon in the second degree (Penal Law § 265.03[3]). "To establish a charge on a lesser included offense, a defendant must show both that the greater crime cannot be committed without having concomitantly committed the lesser by the same conduct, and that a reasonable view of the evidence supports a finding that he or she committed the lesser, but not the greater, offense" (People v James, 11 NY3d 886, 888). Here, the defendant established the first prong of the test (see People v Mahon, 188 AD3d 915, 917). However, viewing the evidence in the light most favorable to the defendant (see People v Martin, 59 NY2d 704, 705), there was no reasonable view of the evidence to support a finding that the defendant committed the lesser offense but not the greater (see People v Stevens, 171 AD3d 1106, 1108).
The defendant's contention that the Supreme Court erred in declining to instruct the jury on temporary and lawful possession of a weapon is unpreserved for appellate review, as he failed to request such a charge at trial (see People v Pena, 100 AD3d 1024, 1024). In any event, such a charge was not warranted because even when viewing the evidence in the light most favorable to [*2]the defendant, the defendant's conduct after he gained possession of the gun was "utterly at odds with any claim of innocent possession" (People v Banks, 76 NY2d 799, 801 [internal quotation marks omitted]; see People v Snyder, 73 NY2d 900, 902).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions either are without merit or do not require reversal.
CHAMBERS, J.P., HINDS-RADIX, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court