People v Carrion (2021 NY Slip Op 05305)





People v Carrion


2021 NY Slip Op 05305


Decided on October 05, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 05, 2021

Before: Webber, J.P., Singh, Scarpulla, Mendez, Rodriguez, JJ. 


Ind. No. 4267/17 SCI. No. 172/19, 173/19 Appeal No. 14302-14302A Case No. 2019-2532 

[*1]The People of the State of New York, Respondent,
v
Marlon Carrion, Defendant-Appellant. 


Robert S. Dean, Center for Appellate Litigation, New York (David J. Klem of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Philip V. Tisne of counsel), for respondent.



Judgments, Supreme Court, New York County (Patricia M. NuÑez, J. and Laurie Peterson, JJ., at pleas; Guy H. Mitchell, J. at sentencing), rendered February 14, 2019, convicting defendant, of burglary in the second degree (three counts) and burglary in the third degree, and sentencing him, as a second felony offender, to an aggregate term of five years, unanimously affirmed.
Specifically, this appeal involves defendant's pleas of guilty to burglary in the second degree and burglary in the third degree under indictment 4267-2017. Defendant contends that pursuant to CPL 300.40(3)(b) the third-degree burglary count should be dismissed because it is an inclusory concurrent count. This argument is without merit. CPL 300.40(3)(b) applies only to trial convictions (People v Walton , 41 NY2d 880, 880-881 [1977]) and does not apply to convictions by plea. A defendant may plead guilty to the entire accusatory instrument, even if it includes inclusory concurrent counts (see CPL 220.10[2]; [4][c]). We also find that defendant has failed to present any compelling basis for dismissal of the third-degree burglary count in the interest of justice.
Given the above, we need not reach the issue of the validity of the waiver to appeal. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 5, 2021