People v Galdamez-Galdamez (2021 NY Slip Op 06624)





People v Galdamez-Galdamez


2021 NY Slip Op 06624


Decided on November 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI
LARA J. GENOVESI, JJ.


2020-01949
 (Ind. No. 1551-16)

[*1]The People of the State of New York, respondent,
v
Diego Galdamez-Galdamez, appellant.


Laurette D. Mulry, Riverhead, NY (Felice Milani of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Karla Lato of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Stephen Braslow, J.), rendered January 21, 2020, convicting him of aggravated driving while intoxicated in violation of Vehicle and Traffic Law § 1192(2-a)(b) (four counts), aggravated unlicensed operation of a motor vehicle in the first degree (two counts), driving while intoxicated in violation of Vehicle and Traffic Law § 1192(2), driving while intoxicated in violation of Vehicle and Traffic Law § 1192(3), endangering the welfare of a child (two counts), aggravated unlicensed operation of a motor vehicle in the third degree, failing to stop at a traffic control device, following too closely, and driving without a valid driver license, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was charged in a 14-count indictment with, among other crimes, two counts of aggravated unlicensed operation of a motor vehicle in the first degree (Vehicle and Traffic Law § 511[3][a][i]) and one count of driving while intoxicated in violation of Vehicle and Traffic Law § 1192(3). The defendant pleaded guilty to the entire indictment in exchange for a negotiated sentence. On appeal, the defendant contends that his conviction of driving while intoxicated in violation of Vehicle and Traffic Law § 1192(3) should be reversed and that count of the indictment dismissed, in effect, because it is an inclusory concurrent count of aggravated unlicensed operation of a motor vehicle in the first degree (see CPL 300.40[3][b]).
The defendant's contention is without merit. CPL 300.40(3)(b) provides in relevant part that, with respect to inclusory concurrent counts, "[a] verdict of guilty upon the greatest count submitted is deemed a dismissal of every lesser count submitted." That statute, however, "deals only with trials, and has no application to convictions obtained on [a] plea of guilty" (People v Walton, 41 NY2d 880, 880-881). By contrast, CPL 220.10(2) provides that, with exceptions not relevant here, "the defendant may as a matter of right enter a plea of 'guilty' to the entire indictment." The defendant may do so "even [where] a series of inclusory concurrent counts is involved" (People v Walton, 41 NY2d at 881; see CPL 220.10[4][c]; People v Cobb, 145 AD3d 738, 739). Accordingly, there is no basis for disturbing the conviction.
MASTRO, J.P., BRATHWAITE NELSON, IANNACCI and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court