People v Harvey (2023 NY Slip Op 01099)

People v Harvey

2023 NY Slip Op 01099

Decided on March 1, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
DEBORAH A. DOWLING, JJ.

2017-12405
 (Ind. No. 825/15)

[*1]The People of the State of New York, respondent,
v
Tafari Harvey, appellant.

Patricia Pazner, New York, NY (Caitlyn Carpenter and Joshua M. Levine of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, William H. Branigan, and Benjamin N. Costanza of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Stephanie Zaro, J.), rendered October 24, 2017, convicting him of criminal possession of a weapon in the second degree, criminal possession of a firearm, and reckless endangerment in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is modified, on the law, by vacating the conviction of criminal possession of a firearm, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.
The defendant allegedly fired several gunshots from inside his home located in Far Rockaway, with one shot penetrating a nearby home. At trial, the defendant's tenant testified that he heard a shot coming from the bathroom, the window of which faced the nearby home, and observed the defendant emerge from the bathroom with a gun in his hand. The police recovered a number of shell casings inside the defendant's home, including one in the bathroom, and pursuant to a search warrant, they recovered a loaded gun from a dresser located in the defendant's bedroom. The defendant was convicted of criminal possession of a weapon in the second degree, criminal possession of a firearm, and reckless endangerment in the second degree.
Contrary to the defendant's contention, the Supreme Court properly denied his motion to dismiss the indictment on the ground that he was deprived of his right to a speedy trial pursuant to CPL 30.30(1)(a). After subtracting periods of delay directly resulting from adjournments due to defense counsel's actual engagement on another matter, the periods during which the defendant was without counsel through no fault of the court (see id. § 30.30[4][b], [f]; People v Cox, 161 AD3d 1100, 1101; People v Brown, 149 AD3d 584, 584; People v Brown, 207 AD2d 556, 557), notwithstanding the People's own lack of readiness (see People v Cox, 161 AD3d at 1101; People v Brown, 149 AD3d at 584), and other periods of delay occasioned by exceptional circumstances (see CPL 30.30[4][g]), the total time chargeable to the People was within the permitted six calendar months (see id. § 30.30[1][a]; [4]). In addition, the People's diligence in attempting to secure the presence of a key witness is apparent from the record (see id. § 30.30[4][g]; People v Zirpola, 57 NY2d 706, 708; People v Thompson, 118 AD3d 922; People v Belgrave, 226 AD2d 550).
The defendant's contention that he was deprived of his right to a fair trial by the prosecutor's misconduct on summation is only partially preserved for appellate review (see CPL 470.05[2]; People v Adorno, 210 AD3d 113, 123). In any event, although some of the prosecutor's comments during summation may have been improper, these isolated comments did not deprive the defendant of his right to a fair trial (see People v Crudup, 197 AD3d 656, 659; cf. People v Dawson, 178 AD3d 719, 721).
CPL 300.30(4) provides that "[c]oncurrent counts are 'inclusory' when the offense charged in one is greater than any of those charged in the others and when the latter are all lesser offenses included within the greater." CPL 300.40(3)(b) provides, in relevant part, that with respect to inclusory concurrent counts, "[a] verdict of guilty upon the greatest count submitted is deemed a dismissal of every lesser count submitted" (see People v Galdamez-Galdamez, 199 AD3d 1014, 1014-1015).
Here, the defendant was convicted of criminal possession of a weapon in the second degree under Penal Law § 265.03(1)(b) and criminal possession of a firearm (id. § 265.01-b[1]). As the People correctly concede, because the charge of criminal possession of a weapon in the second degree and the charge of criminal possession of firearm are inclusory concurrent counts, the conviction of criminal possession of a firearm, as well as the sentence imposed thereon, must be vacated, and that count of the indictment must be dismissed (see CPL 300.30[4]; 300.40[3][b]; People v Nicoletti, 189 AD3d 1082, 1084; People v Mahon, 188 AD3d 915, 917).
BARROS, J.P., MILLER, MALTESE and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court