People v Gilmore (2024 NY Slip Op 02209)

People v Gilmore

2024 NY Slip Op 02209

Decided on April 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
LILLIAN WAN
CARL J. LANDICINO, JJ.

2022-10626
 (Ind. No. 145/22)

[*1]The People of the State of New York, respondent,
v
Furman Gilmore, appellant.

Warren S. Hecht, Forest Hills, NY, for appellant.
David M. Hoovler, District Attorney, Goshen, NY (Robert H. Middlemiss of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (Hyun Chin Kim, J.), rendered December 20, 2022, convicting him of criminal possession of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the seventh degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, the County Court did not deprive him of the right to self-representation. The defendant's request to proceed pro se was made in the context of his claim of dissatisfaction with counsel and was not unequivocal (see People v Ambrosio, 189 AD3d 868, 868; People v Scivolette, 40 AD3d 887, 887). Additionally, since the defendant's subsequent conduct indicated his satisfaction with his assigned counsel, he abandoned any previous request to represent himself (see People v Ambrosio, 189 AD3d at 869; People v Diaz, 83 AD3d 958, 959).
The defendant contends on appeal that his conviction of criminal possession of a controlled substance in the seventh degree should be reversed and that count of the indictment dismissed because it is an inclusory concurrent count of criminal possession of a controlled substance in the third degree (see CPL 300.40[3][b]). The contention is without merit, as CPL 300.40(3) and (4), cited by the defendant, "'deal[ ] only with trials, and [have] no application to convictions obtained on [a] plea of guilty'" (People v Galdamez-Galdamez, 199 AD3d 1014, 1015, quoting People v Walton, 41 NY2d 880, 880-881). According to CPL 220.10(2), a defendant "may as a matter of right enter a plea of 'guilty' to the entire indictment." Moreover, a defendant may do so "'even [where] a series of inclusory concurrent counts is involved'" (People v Galdamez-Galdamez, 199 AD3d at 1015, quoting People v Walton, 41 NY2d at 881). Accordingly, there is no basis to disturb the defendant's conviction of criminal possession of a controlled substance in the seventh degree.
The defendant's contention that the County Court's sentence impermissibly penalized him for exercising his right to a suppression hearing is unpreserved for appellate review, since he neither objected to the sentence nor raised this issue at the time of sentencing (see People v Parker, [*2]180 AD3d 1072, 1073; People v Arnold, 139 AD3d 748, 750). In any event, the fact that the sentence imposed after the hearing was more severe than the sentence offered earlier during plea negotiations does not, standing alone, establish that the defendant was punished for exercising his right to a hearing (see People v Nahshal, 146 AD3d 817, 819). Under the circumstances, the defendant's contention that the court's sentence impermissibly penalized him for exercising his right to a suppression hearing is without merit (see People v Parker, 180 AD3d at 1073).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
BRATHWAITE NELSON, J.P., MALTESE, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court