People v Bova (2024 NY Slip Op 05508)

People v Bova

2024 NY Slip Op 05508

Decided on November 7, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 7, 2024

112506
[*1]The People of the State of New York, Respondent,
v
David J. Bova, Appellant.

Calendar Date:October 7, 2024

Before:Egan Jr., J.P., Aarons, Pritzker, Lynch and McShan, JJ.

Paul Skip Laisure, Garden City, for appellant.
Andrew J. Wylie, District Attorney, Plattsburgh (Jaime A. Douthat of counsel), for respondent.

Lynch, J.
Appeal from a judgment of the County Court of Clinton County (William A. Favreau, J.), rendered December 19, 2019, convicting defendant upon his plea of guilty of the crimes of murder in the second degree, attempted murder in the second degree, criminal possession of a weapon in the second degree, criminal use of a firearm in the first degree and menacing in the second degree.
Defendant pleaded guilty to an indictment charging him with murder in the second degree, attempted murder in the second degree, criminal possession of a weapon in the second degree, criminal use of a firearm in the first degree and menacing in the second degree.[FN1] The charges stem from defendant firing four shots from a 9 millimeter Highpoint rifle at the victims — who were mother and daughter — as they drove past him, striking the younger victim, with whom defendant was involved in a tumultuous relationship, in the head killing her. County Court, which had made no sentencing commitment, sentenced defendant to the maximum prison term of 25 years to life upon his conviction of murder in the second degree, imposed lesser concurrent sentences on the remaining convictions, imposed $21,000 in fines and ordered restitution for funeral expenses. Defendant appeals.
Defendant contends that the sentence imposed — particularly the sentence for the conviction of murder in the second degree — was harsh and severe given his nonviolent criminal history, genuine remorse and assertion that his conduct was out of character, together with his untreated substance abuse. Given the senseless, brutal act of violence and devastating consequences for the victims' family, and the fact that consecutive sentences on the murder and attempted murder conviction could have been imposed, we are unpersuaded that the sentence is harsh or severe, and decline defendant's request that we reduce the sentence in the interest of justice (see CPL 470.15 [6] [b]).
Defendant, relying on CPL 300.30 (4), contends that his conviction of criminal possession of a weapon in the second degree — and the fine associated therewith — must be reversed because it is an inclusory concurrent count of criminal use of a firearm in the first degree. Such contention is misplaced, however, as CPL article 300 "deals only with trials, and has no application to convictions obtained on plea of guilty" (People v Walton, 41 NY2d 880, 880-881 [1977]; accord People v Galdamez-Galdamez, 199 AD3d 1014, 1015 [2d Dept 2021], lv denied 37 NY3d 1160 [2022]; People v Redden, 182 AD3d 926, 927 [3d Dept 2020], lv denied 35 NY3d 1115 [2020]; see People v Carrion, 198 AD3d 428, 428 [1st Dept 2021]). Having elected to plead guilty, defendant is foreclosed from raising such claim (see People v Walton, 41 NY2d at 880-881; People v Cobb, 145 AD3d 738, 738-739 [2d Dept 2016], lv denied 29 NY3d 947 [2017]; People v Bliss, 245 AD2d 459, 459 [2d Dept 1997]).
Egan Jr., J.P., Aarons, Pritzker and McShan, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: The indictment also charged defendant with reckless endangerment in the first degree, which was satisfied by his guilty plea.