People v Walker (2025 NY Slip Op 02225)

People v Walker

2025 NY Slip Op 02225

Decided on April 16, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 16, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LINDA CHRISTOPHER
CARL J. LANDICINO
JAMES P. MCCORMACK, JJ.

2022-05461
 (Ind. No. 2900/18)

[*1]The People of the State of New York, respondent,
v
Garrey Walker, appellant.

Rosenberg Law Firm, Brooklyn, NY (Jonathan Rosenberg of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Sholom Twersky, and Marie John of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Phyllis Chu, J.), rendered July 7, 2022, convicting him of attempted murder in the second degree, assault in the first degree, attempted assault in the first degree, criminal possession of a firearm, criminal use of a firearm in the first degree, criminal use of a firearm in the second degree, and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is modified, on the law, by vacating the conviction of criminal possession of a firearm, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt on the count of attempted murder in the second degree (see People v Danielson, 9 NY3d 342, 349). The evidence adduced at trial demonstrated that the defendant, with the intent to cause the death of a person, engaged in conduct which tended to effect death (Penal Law §§ 125.25[1]; 110.00). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d at 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt as to the count of attempted murder in the second degree was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant failed to preserve for appellate review his contention that his conviction of attempted murder in the second degree and his convictions of assault in the first degree and attempted assault in the first degree were inconsistent, since he failed to raise an objection on this specific ground before the jury was discharged (see People v Alfaro, 66 NY2d 985, 987; People v Stewart, 222 AD3d 781, 782). We decline to reach that unpreserved contention in the exercise of our interest of justice jurisdiction (see People v Stewart, 222 AD3d at 782; People v Taylor, 185 AD3d 724, 725).
However, as the People correctly concede, the conviction of criminal possession of a firearm must be vacated. CPL 300.30(4) provides that "[c]oncurrent counts are 'inclusory' when the offense charged in one is greater than any of those charged in the others and when the latter are all lesser offenses included within the greater" (see People v Harvey, 214 AD3d 672, 673; People v Nicoletti, 189 AD3d 1082, 1084). CPL 300.40(3)(b) provides, in relevant part, that with respect to inclusory concurrent counts, "[a] verdict of guilty upon the greatest count submitted is deemed a dismissal of every lesser count submitted" (see id.; People v Galdamez-Galdamez, 199 AD3d 1014, 1014-1015). Here, the defendant was convicted of criminal possession of a weapon in the second degree and criminal possession of a firearm (Penal Law §§ 265.03[1][b]; 265.01-b[1]). Because the charge of criminal possession of a weapon in the second degree and the charge of criminal possession of a firearm are inclusory concurrent counts, the conviction of criminal possession of a firearm, as well as the sentence imposed thereon, must be vacated, and that count of the indictment must be dismissed (see People v Harvey, 214 AD3d at 673; People v Nicoletti, 189 AD3d at 1084).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
CHAMBERS, J.P., CHRISTOPHER, LANDICINO and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court