People v Stewart (2025 NY Slip Op 06737)

People v Stewart

2025 NY Slip Op 06737

Decided on December 3, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 3, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
HELEN VOUTSINAS
JANICE A. TAYLOR
DONNA-MARIE E. GOLIA, JJ.

2020-06444
 (Ind. No. 1282/18)

[*1]The People of the State of New York, respondent,
v
Andrewdean Stewart, appellant.

Patricia Pazner, New York, NY (Sarah B. Cohen of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, William H. Branigan, Lucy E. Pannes, and Philip Amur of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Stephanie Zaro, J.), rendered August 3, 2020, convicting him of attempted murder in the second degree (two counts), attempted assault in the first degree (two counts), criminal possession of a weapon in the second degree (five counts), reckless endangerment in the first degree (two counts), criminal possession of a firearm (three counts), criminal possession of a weapon in the third degree, endangering the welfare of a child (four counts), aggravated harassment in the second degree (two counts), and harassment in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is modified, on the law and as a matter of discretion in the interest of justice, by vacating the convictions of criminal possession of a firearm under counts 5, 11, and 19 of the indictment, criminal possession of a weapon in the second degree under counts 4 and 10 of the indictment, and endangering the welfare of a child under counts 14, 15, and 16 of the indictment, vacating the sentences imposed thereon, and dismissing those counts of the indictment; as so modified, the judgment is affirmed.
In December 2017, on two separate occasions the defendant fired gunshots through the bedroom window of an acquaintance's home while she was sleeping and children were in the room. The defendant was charged, inter alia, with attempted murder in the second degree, attempted assault in the first degree, criminal possession of a weapon in the second degree, and endangering the welfare of a child. After trial, the jury convicted the defendant of all counts of the indictment. The defendant appeals.
"A defendant in a criminal case may invoke the right to defend pro se provided: (1) the request is unequivocal and timely asserted, (2) there has been a knowing and intelligent waiver of the right to counsel, and (3) the defendant has not engaged in conduct which would prevent the fair and orderly exposition of the issues" (People v Wingate, 184 AD3d 738, 738 [internal quotation marks omitted]; see People v Gillian, 8 NY3d 85, 88). Contrary to the defendant's contention, the Supreme Court did not deprive him of the right to self-representation. The defendant's request to proceed pro se was made in the context of his claim of dissatisfaction with counsel and was not unequivocal (see People v Rose, 226 AD3d 707, 708; People v Ambrosio, 189 AD3d 868, 869).
The defendant's contentions that his convictions of attempted murder in the second degree, attempted assault in the first degree, and endangering the welfare of a child were not based upon legally sufficient evidence are unpreserved for appellate review (see CPL 470.05[2]). In any event, as to the defendant's convictions of attempted murder in the second degree and attempted assault in the first degree, in viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt on those convictions (see People v Walker, 237 AD3d 978, 979; People v Harwood, 139 AD3d 1186, 1187-1188). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490). Upon reviewing the record here, we are satisfied that the verdict of guilt as to those counts was not against the weight of the evidence (see People v Mateo, 2 NY3d 383).
However, the evidence was not legally sufficient to establish the defendant's guilt on three of the four convictions of endangering the welfare of a child. The evidence adduced at trial did not demonstrate that the defendant "knowingly act[ed] in a manner likely to be injurious" (Penal Law § 260.10[1]) to three of the four children present the night of the second shooting, and there is no "valid line of reasoning and permissible inferences from which a rational jury could have found the elements of the crime proved beyond a reasonable doubt" (People v Danielson, 9 NY3d at 349 [internal quotation marks omitted]). As such, we vacate the convictions under counts 14, 15, and 16 of the indictment, vacate the sentences imposed thereon, and dismiss those counts of the indictment.
Further, the convictions of criminal possession of a firearm under counts 5, 11, and 19 of the indictment must be vacated. CPL 300.30(4) provides that "[c]oncurrent counts are 'inclusory' when the offense charged in one is greater than any of those charged in the others and when the latter are all lesser offenses included within the greater" (see People v Harvey, 214 AD3d 672, 673; People v Nicoletti, 189 AD3d 1082, 1084). CPL 300.40(3)(b) provides, in relevant part, that with respect to inclusory concurrent counts, "[a] verdict of guilty upon the greatest count submitted is deemed a dismissal of every lesser count submitted" (see People v Galdamez-Galdamez, 199 AD3d 1014, 1014-1015). Here, the defendant was convicted of five counts of criminal possession of a weapon in the second degree (Penal Law § 265.03[1][b]; [3]) and three counts of criminal possession of a firearm (id. § 265.01-b[1]). Because the counts charging criminal possession of a weapon in the second degree and criminal possession of a firearm are inclusory concurrent counts, the convictions of criminal possession of a firearm under counts 5, 11, and 19 of the indictment, as well as the sentences imposed thereon, must be vacated, and those counts of the indictment must be dismissed (see People v Walker, 237 AD3d at 979-980; People v Cook, 193 AD3d 760, 760). Contrary to the People's contention, preservation of this issue is unnecessary to obtain the appropriate relief (see People v Lee, 39 NY2d 388, 390; People v Bentley, 186 AD3d 844, 845), and although dismissal of these counts will have no effect on the length of the defendant's total term of imprisonment, the convictions were an impermissible punishment and thus must be vacated (see People v Young, 141 AD3d 551, 554).
The defendant failed to preserve for appellate review his contention that two of his three convictions of criminal possession of a weapon in the second degree under Penal Law § 265.03(3) should be dismissed on the ground that his possession was a continuing offense (see People v Biggs, 1 NY3d 225, 231; People v McDonnell, 201 AD3d 951, 951). Nevertheless, we address the issue as a matter of discretion in the interest of justice (see CPL 470.15[6][a]). The defendant's convictions of criminal possession of a weapon in the second degree under counts 4 and 10 of the indictment subjected the defendant to double jeopardy. "An indictment cannot charge a defendant with more than one count of a crime that can be characterized as a continuing offense unless there has been an interruption in the course of conduct" (People v Quinones, 8 AD3d 589, 589-590; see People v Young, 141 AD3d 551, 553-554). Here, the indictment charged the defendant with three separate counts of criminal possession of a weapon in the second degree under Penal Law § 265.03(3) for the uninterrupted possession of single weapon. Such possession was continuous and [*2]"'constituted a single offense for which he could be prosecuted only once'" (People v Johnston, 192 AD3d 1516, 1523, quoting People v Wright, 160 AD3d 667, 668). As such, we vacate the defendant's convictions of criminal possession of a weapon in the second degree under counts 4 and 10 of the indictment, vacate the sentences imposed thereon, and dismiss those counts of the indictment.
The defendant's contention that the Supreme Court violated his Sixth Amendment right to confrontation by admitting into evidence records of a DNA analysis performed by the Office of the Chief Medical Examiner of the City of New York is unpreserved for appellate review, since defense counsel did not object to the admission of either the records or the accompanying testimony from the DNA analyst (see CPL 470.05[2]; People v Bostic, 236 AD3d 1051, 1054). In any event, admission of the DNA analysis reports did not violate the Confrontation Clause because the reports were prepared by the analyst who testified at trial (see People v Brown, 13 NY3d 332, 340; People v Hernandez, 140 AD3d 1187, 1187).
The defendant's contention that he was deprived of a fair trial by certain remarks made by the prosecutor is largely unpreserved for appellate review, as, with respect to the majority of the remarks at issue, defense counsel either failed to object, raised only generalized objections, or failed to request additional relief when the Supreme Court sustained his objections (see CPL 470.05[2]; People v Flowers, 213 AD3d 692, 693). In any event, the remarks at issue were either a fair comment on the evidence and the reasonable inferences to be drawn therefrom, a fair response to defense counsel's summation, or within the bounds of permissible rhetorical comment (see People v Johnson, 229 AD3d 639, 640-641; People v Broderick, 199 AD3d 696, 697). To the extent that some of the challenged remarks were improper, any prejudice to the defendant was ameliorated by the court's curative instructions to the jury (see People v Baker, 14 NY3d 266, 273-274), which the jury is presumed to have followed (see People v Guzman, 76 NY2d 1, 7). Moreover, any impropriety in the prosecutor's remarks was not so flagrant or pervasive as to deny the defendant a fair trial (see People v Morales, 201 AD3d 819, 820; People v Almonte, 23 AD3d 392, 394).
Contrary to the defendant's contention, the Supreme Court did not improvidently exercise its discretion in declining to, sua sponte, order a competency hearing pursuant to CPL 730.30 (see People v Augustin-Miranda, 215 AD3d 981, 981; People v Curran, 174 AD3d 818, 818), as nothing in the record indicates that the defendant lacked the capacity to understand the proceedings against him or to assist in his own defense (see CPL 730.10; People v Tucker, 151 AD3d 1085, 1085; People v Scivolette, 40 AD3d 887, 888).
The defendant's contention that he was denied the effective assistance of counsel is without merit (see People v Patterson, 240 AD3d 521, 523; People v Chunn, 181 AD3d 706, 707-708).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
BRATHWAITE NELSON, J.P., VOUTSINAS, TAYLOR and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court